Filed 12/22/23  P. v. White CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C096898 |
| v. | (Super. Ct. No. 22F8389) |
| JESSIE TAYLOR WHITE, | |
| Defendant and Appellant. | |

A jury convicted defendant Jessie Taylor White of forcible rape, rape by threat of future retaliation, statutory rape, forcible sodomy, mayhem, dissuading a witness, making a criminal threat, false imprisonment, meeting with a minor for a lewd purpose, and other crimes.  The trial court sentenced defendant to a determinate term of 25 years in prison, plus an indeterminate term of 300 years to life.

Defendant now contends (1) the convictions for forcible rape in counts I through III must be reversed because the trial court erroneously instructed the jury that lack of consent is not an element of the crime, and if the contention is forfeited, his trial counsel was ineffective in failing to object; and (2) the count IV conviction for rape by threat of future retaliation is not supported by sufficient evidence, and the trial court did not instruct the jury on all the elements of the offense.

1

We conclude (1) the trial court prejudicially erred in instructing the jury that lack of consent is not an element of forcible rape, and (2) although there is sufficient evidence of rape by threat of future retaliation, the trial court prejudicially erred in failing to instruct the jury on all the elements of the offense. We will reverse the convictions for forcible rape and rape by threat of future retaliation (counts I through IV), vacate the sentence, and remand the matter for possible retrial of the reversed counts. We will otherwise affirm the judgment.

BACKGROUND

S. was 17 years old in 2021. Defendant told her he was 26 years old. They communicated on Facebook Messenger and began sexting and sharing explicit photographs of each other. In July 2021, defendant visited S. at the San Andreas motel where she was staying and drove her to a motel in Lompoc, where they stayed for a weekend and engaged in sexual intercourse four to six times. After the weekend, defendant drove S. back to San Andreas. During the drive, defendant pushed S.'s head down and had her orally copulate him even though she did not want to. Later that summer, defendant and S. again spent a weekend at a motel and engaged in sexual relations.

Before December 2021, defendant moved to a trailer in Sutter Creek on a friend's property to be closer to where S. lived, and they began seeing each other almost every weekend for sexual activities. They also stayed in a house on the same property. Around Christmas 2021, defendant looked at the content of S.'s cell phone and became angry. Defendant began hitting S. and throwing her around the room. He rubbed a knife across her cheek, saying he was going to cut her. He cut her cheek, and he cut off some of her hair.

On subsequent days defendant twice forced his penis into S.'s anus against her will. She screamed and cried and told him to stop. He told her he would make it hurt more. Defendant also forced S. to have vaginal sex during those days. Defendant told S.

that if she did not "put out" he was going to report her parents for neglect and put her family at risk. He threatened to "hurt" S.'s father and uncle. Because of those threats, S. engaged in sexual relations with defendant. S. wanted to go home, but she did not say that to defendant because she was afraid of him. Eventually, defendant's mother took S. home. Before S. left the property, defendant told S. he would have someone kill her if people found out what happened.

The jury convicted defendant on three counts of forcible rape (Pen. Code, § 261, subd. (a)(2) - counts I-III),[1] one count of rape by threat of future retaliation (§ 261, subd. (a)(6) - count IV); two counts of forcible sodomy (§ 286, subd. (c)(2)(A) - counts V-VI); one count of mayhem (§ 203 - count VII); one count of dissuading a witness (§ 136.1, subd. (c)(1) - count VIII); one count of making a criminal threat (§ 422 - count IX); one count of felony false imprisonment (§ 236 - count X); one count of arranging to meet with a minor for a lewd purpose (§ 288.4, subd. (a)(2) - count XI); one count of meeting with a minor for a lewd purpose (§ 288.4, subd. (b) - count XII); one count of contacting a minor for a sexual offense (§ 288.3, subd. (a) - count XIII); and three counts of statutory rape (§ 261.5, subd. (c) - counts XIV-XVI).

Additional background is set forth in the discussion as relevant to the contentions on appeal.

DISCUSSION

I

Defendant contends we must reverse his convictions for forcible rape in counts I through III because the trial court erroneously instructed the jury that lack of consent is not an element of the crime. He adds that if his contention is forfeited because his trial counsel did not object to the instruction, his counsel provided ineffective assistance.

---

[1] Undesignated statutory references are to the Penal Code.

3

A conviction for forcible rape under section 261, subdivision (a)(2) requires the element of lack of consent. This is unlike a conviction for statutory rape under section 261.5, subdivision (c), which was also charged in this case and does not require lack of consent. (*People v. Hillhouse* (2003) 109 Cal.App.4th 1612, 1620.) In its instructions to the jury after trial, the trial court included lack of consent as an element of forcible rape. However, after about a day of deliberations, the jury sent the trial court the following question regarding forcible rape counts I, II and III: "Can an individual under the age of 18 consent to sexual intercourse, with an adult[?]" After a conference call with counsel for the parties, the trial court responded: "Consent, or lack thereof, is not an element of the charges in Counts [I, II or III]." Within less than 20 minutes after the trial court gave the jury this answer, the bailiff advised the trial court that the jury had reached its verdicts.

The trial court's answer to the jury question allowed the jury to convict defendant of forcible rape without the required finding of lack of consent. Nevertheless, the People argue defendant forfeited this challenge because his trial counsel did not object to the answer in the conference call before the answer was given to the jury and, in the alternative, any error was harmless.

The conference call in question does not appear to have been recorded or memorialized for our review. But, generally, a defendant need not object to a jury instruction that violates the defendant's federal constitutional rights by omitting a required element of the crime. Furthermore, an appellate court may review any jury instruction if an erroneous instruction affected the defendant's substantial rights. (*People v. Smithey* (1999) 20 Cal.4th 936, 976, fn. 7.)

The People cite cases for the proposition that a defendant forfeits a challenge to the trial court's answer to a jury question if the defendant does not object to the answer. The cited cases, however, do not involve an answer that withdrew from the jury consideration of a required element of the crime. (See *People v. Harris* (2008) 43 Cal.4th

4

1269, 1317 [defendant forfeited review by agreeing to an answer to the jury's question about the jury's sentencing choices in a capital trial]; *People v. Boyette* (2002) 29 Cal.4th 381, 430 [failure to object to the trial court's answers about procedural and factual issues forfeits review of answers].)  Here, we conclude defendant did not forfeit appellate review of the trial court's answer to the jury.  We therefore turn to whether the trial court's instructional error in its answer to the jury was prejudicial.[2]

Instructional error that withdraws from the jury an element of the crime is prejudicial unless "it is clear beyond a reasonable doubt that a rational jury would have rendered the same verdict absent the error.  [Citation.]"  (*People v. Merritt* (2017) 2 Cal.5th 819, 831 (*Merritt*); see *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705] (*Chapman*).)  To make this determination, we examine the entire cause, including the evidence and the procedural circumstances.  (*People v. Aledamat* (2019) 8 Cal.5th 1, 3.)  Among other things, we may consider whether the attorneys provided information about the required element, whether the defendant conceded or admitted the element, whether the jury's other factual determinations necessarily decided the required element, and whether there is overwhelming evidence of the element. (*Merritt,* at pp. 831-832.)

In the People's closing argument, the prosecutor argued S. did not consent to sexual intercourse at the times charged as forcible rape, and under the circumstances, defendant could not have reasonably believed S. consented.  Defense counsel countered that S. had previously consented to sexual intercourse, and S.'s testimony was not credible.  From these circumstances, we conclude defendant did not concede S.'s lack of consent as to the forcible rape counts.  (*Merritt, supra*, 2 Cal.5th at pp. 831-832

---

[2]  Because we reach the merits of defendant's first contention, we need not address whether his trial counsel was ineffective in not objecting to the trial court's answer.

5

[defendant's concession may render misinstruction harmless].) The People claim defendant's defense was that he did not have any sexual intercourse with S. However, while that was what defendant told authorities when first contacted, the strategy at trial was to challenge S.'s testimony, not to deny that sexual intercourse took place. In fact, defense counsel acknowledged to the jury that, if defendant knew S. was 17 years old at the time of the crimes, a conclusion of statutory rape was "logical."

We find significant the timing of the jury question, the trial court's answer, and the verdicts. After a day of deliberations, the jury asked the trial court whether a minor could consent to sexual intercourse with an adult. Soon after the trial court delivered an answer, the jury reached its verdicts.

It is true that before the jury began deliberating, the trial court correctly instructed the jury that lack of consent is an element of forcible rape. But the trial court also instructed the jury that the victim's consent was not a defense to the statutory rape counts, and it answered the jury's question by stating that consent was not an element of forcible rape. It may have confused the jury to receive differing instructions on forcible rape and statutory rape.

To call this instructional error harmless, we must find "it is clear beyond a reasonable doubt that a rational jury would have rendered the same verdict absent the error. [Citation.]" (*Merritt, supra*, 2 Cal.5th at p. 831.) The People argue it is inconceivable that the jury could, on the one hand, conclude that defendant accomplished the charged acts in the forcible rape counts by means of force, violence, duress and/or fear of violence, yet on the other hand find that S. had somehow validly consented to the same intercourse. This argument carries weight. But it does not explain the rapid verdicts coming after the misinstruction.

Considering the entire record, we decline to say that it is clear beyond a reasonable doubt that a rational jury would have found defendant guilty on the forcible rape counts absent the misinstruction. We will reverse those counts and remand for possible retrial.

6

(See *Burks v. United States* (1978) 437 U.S. 1, 15 [57 L.Ed.2d 1, 12] (*Burks*) [reversal for instructional error does not bar retrial].)

II

Defendant next contends there is insufficient evidence to support the count IV conviction for rape by threat of future retaliation (§ 261, subd. (a)(6)), and the trial court did not instruct the jury on all the elements of the offense.

A

When a defendant contends the evidence is insufficient to support a conviction, we review the record in the light most favorable to the judgment and determine whether there is reasonable, credible evidence on which a trier of fact could convict. (*People v. Beck & Cruz* (2019) 8 Cal.5th 548, 626.)

Defendant was convicted on count IV for rape by threat of future retaliation. (§ 261, subd. (a)(6).) Subdivision (a)(6) makes it a crime to engage in non-consensual sexual intercourse "by threatening to retaliate in the future against the victim or any other person." (§ 261, subd. (a)(6).) There must be "a reasonable possibility that the perpetrator will execute the threat." (*Ibid.*) And the threat to retaliate must be a threat to kidnap, falsely imprison, or inflict "extreme pain, serious bodily injury, or death." (*Ibid.*) Defendant argues his statements to S. did not threaten to inflict extreme pain, serious bodily injury, or death.

The count IV conviction was based on S.'s testimony regarding sexual intercourse when she was with defendant in Sutter Creek. Defendant told S. that if she did not have sex with him, he would get S.'s parents in trouble for neglect. She testified: "He said that he was going to turn my parents in. That he was going to turn . . . everything that he had to the authorities and that it was going to put my cousins at risk. It was going to put their safety at risk. That he was going to put their home at risk, my family at risk." S. responded affirmatively to the prosecutor's question about whether defendant "ever threaten[ed] to hurt members of your family or you." She added: "He threatened that . . .

7

he was going to make it unsafe for my dad and my uncle. And he said that he was going to get them for not -- or for doing what they did. That he was going to prosecute, he was going to turn in, he was going to have his friends and him go up and hurt my family, hurt my uncle, hurt my dad. But those were the males in the family, so that was his main target for that." She added that defendant did not threaten her cousins with violence.

During cross-examination, defense counsel asked S. what kind of trouble defendant threatened for her family. She responded that it was legal trouble.

There was no threat of kidnapping or false imprisonment. There was also no testimony concerning any threat defendant made to inflict violence on S. with respect to the sexual intercourse alleged in court four, or on her cousins. So we must determine whether S.'s testimony was sufficient to conclude defendant threatened to inflict "extreme pain, serious bodily injury, or death" on S.'s uncle and father, specifically. (§ 261, subd. (a)(6).) Although there was some ambiguity in the testimony concerning whether defendant threatened to hurt the uncle and father physically or by turning them in to authorities, the evidence was sufficient for a reasonable jury to conclude the harm threatened against the uncle and the father was physical harm. While it does not appear that defendant specified the way he would hurt the uncle or father, the jury could have used evidence of the extent of defendant's violence against S. to conclude that, by using the word "hurt," defendant meant that he would inflict "extreme pain, serious bodily injury, or death" on S.'s uncle or father. (*Ibid.*)

Defendant argues that during cross-examination, S. said the "harm" defendant threatened to cause was legal trouble. But defense counsel asked S. what kind of "trouble" defendant threatened, not what kind of harm. Her answer that defendant threatened to get her family in legal trouble did not preclude the jury's finding that defendant also threatened to hurt S.'s father and uncle physically. The evidence is sufficient to support the count IV conviction for rape by threat of future retaliation.

8

B

Having found that the evidence is sufficient to support the count IV conviction for rape by threat of future retaliation, we turn to defendant's assertion that we must nevertheless reverse that conviction because the trial court did not instruct the jury on all the elements of the offense.

After the parties presented their cases, the trial court began its instruction to the jury by reading to the jury, among other things, the allegation as to count IV, stating that between December 26, 2021 and December 31, 2021, in Amador County, the crime of rape by threat of future retaliation in violation of section 261, subdivision (a)(6) was committed in that defendant had unlawful sexual intercourse with S. by threatening to retaliate in the future against her and another person, and there was a reasonable possibility defendant would execute the threat.

When the trial court instructed the jury on rape, however, it did not instruct on threat of future retaliation. As to the element concerning how the rape was accomplished, which differs in the various subsections of section 261, subdivision (a), the trial court instructed only on forcible rape, as charged in counts I through III, by "force, violence, duress, menace, or fear of immediate and unlawful bodily injury to the woman or to someone else." (see § 261, subd. (a)(2).) The trial court did not instruct on a future threat to retaliate or that " 'threatening to retaliate' means a threat to kidnap or falsely imprison, or to inflict extreme pain, serious bodily injury, or death." (§ 261, subd. (a)(6).)

The People concede the instructions on count IV were deficient. However, they assert the instructional error was harmless beyond a reasonable doubt. (*Merritt, supra*, 2 Cal.5th at p. 831; *Chapman, supra*, 386 U.S. at p. 24.) The People point to S.'s testimony that defendant threatened to harm her family if she did not have intercourse with him, and they note that the jury necessarily found S.'s testimony credible because it convicted defendant on all counts. But while S.'s testimony was sufficient to conclude

9

defendant threatened to inflict "extreme pain, serious bodily injury, or death" on S.'s uncle and father, sufficiency of the evidence is not enough for us to conclude beyond a reasonable doubt what inferences the jury might have actually drawn from the evidence if it had been correctly instructed. The jury may have decided that the harm defendant threatened to inflict was legal trouble, as defendant now argues, or some kind of violence short of "extreme pain, serious bodily injury, or death." (§ 261, subd. (a)(6).) As noted, the testimony was not specific concerning harm. Because the trial court did not instruct the jury on the form of threatened retaliation necessary for a finding on that element of section 261, subdivision (a)(6), we decline to conclude beyond a reasonable doubt that the instructional error was harmless.

We will reverse the count IV conviction and remand for possible retrial. (See *Burks, supra*, 437 U.S. at p. 15.)

DISPOSITION

The convictions are reversed on counts I, II, and III for forcible rape, and on count IV for rape by threat of future retaliation. The sentence is vacated. The matter is remanded for possible retrial on the reversed counts. In all other respects, the judgment is affirmed.


/S/
MAURO, Acting P. J.

We concur:


/S/
DUARTE, J.


/S/
MESIWALA, J.

10